UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN CONTEH,                            )
            Petitioner,      )
                               )
    v.                                  ) C.A. No. 04-11471-RCL
UNITED STATES OF AMERICA,   )
           Respondent.      )

## MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed and the Clerk shall enter a notation on the docket stating that Conteh has not paid or sought a waiver of the $5 filing fee for this action.

## BACKGROUND

On June 28, 2004, petitioner John Conteh, an immigration detainee being held at the Plymouth County Correctional Facility, filed an application for an "emergency" writ of habeas corpus under Section 2241. Conteh contends that his August 1998 convictions in the Southern District of New York are defective because the United States attorneys who prosecuted him did not properly take their oaths of office. Petition, p. 2-6. Thus, Conteh claims the Southern District of New York lacked jurisdiction to adjudicate his criminal case. Id. Conteh did not submit the $5 filing fee for this action or seek a waiver of it.

## ANALYSIS

I. The Court May Screen This Action

Although Conteh brings this petition under Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Proceedings; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4(b) of the Rules Governing Section 2254 Proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

A.  A Section 2241 Petition May Not Be Used to Challenge a Sentence

A writ of habeas corpus pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on a federal sentence. See United States v. DiRusso, 535 F.2d 673, 674-676 (1st Cir. 1976) (§ 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence."). A Section 2255 petition encompasses claims that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255; see Rogers v. United States, 180 F.3d 349, 357 n. 15 (1st Cir. 1999), cert. denied, 528 U.S. 1126 (2000) (citations omitted) (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.").

In contrast to Section 2255, a motion pursuant to Section 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers,

types of detention and prison conditions.  See United States v. Barrett, 178 F.3d 34, 50 n. 10 (1999) (petitions pursuant to § 2241 generally attack the execution of a sentence); accord Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976) (same); cf. Gonzalez v. United States, 150 F. Supp. 2d 236, 242 (D. Mass. 2001) (§ 2241 petition is not the "appropriate vehicle" to challenge a sentence).

Conteh seeks habeas relief on the ground that the Southern District of New York, the trial and sentencing court, lacked jurisdiction because the assistant United States Attorneys who prosecuted the criminal charges had not properly taken their oaths of office.[1]  This challenge does not involve the manner, location, or conditions of petitioner's sentence.  Rather, he is attacking the validity of the imposition of the sentence, which is generally within the domain of a habeas petition under Section 2255.  Thus, petitioner is challenging the legality of his sentence, and if such a claim is viable at all, his avenue of relief is only through Section 2255.  Gonzalez, 150 F. Supp. 2d at 242.

B. .  The Appropriate Remedy

In certain circumstances, a claim improperly brought under Section 2241 may be treated by the Court procedurally as one brought pursuant to Section 2255.  This is not appropriate here, however, because Conteh was sentenced in the Southern District of New York, and this Court thus lacks

---

[1] Conteh apparently obtained copies of the oaths of the assistant United States Attorneys who prosecuted him pursuant to the Freedom of Information Act ("FOIA"), and attaches them as exhibits to his petition.  Conteh does not state exactly why he believes the oaths to be invalid, and I express no view on the merits of this claim.  However, I note that the Southern District of New York apparently has rejected Conteh's claims that the handwritten notation "7C" on the signature line of the oaths somehow renders them invalid.  United States v. Conteh, 98 CROM.0876 (LAK), 2004 WL 957716, at *1 n. 1 (S.D.N.Y. May 3, 2004) (referring to petition as "baseless" and transferring it to Second Circuit as "second and successive" § 2255 petition; notation was a redaction pursuant to FOIA exemption 7(C)); 5 U.S.C. § 552(b)(7)(C).

jurisdiction over any Section 2255 petition by him. See 28 U.S.C. § 2255 (prisoner must file motion in court which imposed the sentence). Given that it appears that Conteh has a filed at least one previous Section 2255 motion and that the Second Circuit is considering his application to file a "second or successive"Section 2255 motion, dismissal of the petition is the most appropriate course of action. See 28 U.S.C. §§ 2255; 2244.

## CONCLUSION

Accordingly, for the reasons stated above, this action is dismissed and the Clerk shall enter a notation on the docket stating that Conteh has not paid or sought a waiver of the $5 filing fee for this action.

SO ORDERED.

Dated at Boston, Massachusetts, this 30th  day of June, 2004.


                                        s/ Reginald C. Lindsay
                                        REGINALD C. LINDSAY
                                        UNITED STATES DISTRICT JUDGE